**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES SAUNDERS GRILL, | No. 13-16955 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-00757-GEB-GGH |
| v. | |
| TOM QUINN, in his official capacity as Acting Supervisor of the Tahoe National Forest; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted December 19, 2018**
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,*** District Judge.

This case involves a dispute between Plaintiff James Saunders Grill and the

United States Forest Service concerning a special use permit. The district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

granted summary judgment against Grill.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion by declining to consider Grill's untimely assertions that he continued to own some of the relevant property.  Grill had an obligation to present facts relevant to his claims in a timely manner, particularly where the facts were in his possession and his filings indicated that he understood the nature of the government's Article III argument.  *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are "subject to the same good faith limitations imposed on lawyers, as officers of the court").

2.      We affirm the district court's grant of summary judgment because, on the facts presented to the district court, Grill's request for permitting rights is no longer a "present controversy as to which effective relief can be granted" and is therefore moot.  *United States v. Able Time, Inc.*, 545 F.3d 824, 828 (9th Cir. 2008) (quoting *Vill. of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir. 1993)); *see also Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an 'actual controversy' persist throughout all stages of litigation.").

3.      Grill argues that the district court abused its discretion by denying leave to amend his claim to include a *Bivens* action.  But Grill never requested leave to amend at the district court, and he does not explain why *Western Radio Services Co. v. United States Forest Service* does not bar a *Bivens* action in cases like this

one, where such a claim would supplant the preexisting statutory scheme under the Administrative Procedure Act. 578 F.3d 1116, 1122–23 (9th Cir. 2009).

**AFFIRMED**